IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 10-cv-00365-REB-KLM

RENE GARZA,

    Plaintiff,

v.

THE PEP BOYS - MANNY, MOE & JACK OF DELAWARE, INC.,

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE

**Blackburn, J.**

The matter before me is defendant's **Motion To Transfer Venue** [#8], filed March 9, 2010. I deny the motion.

### I. JURISDICTION

It have jurisdiction of this matter pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

### II. STANDARD OF REVIEW

Section 1404(a) contemplates that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court is vested with considerable discretion in determining whether transfer is appropriate. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). Factors that bear on the analysis include:

> the plaintiff's choice of forum; the accessibility of witnesses
> and other sources of proof, including the availability of
> compulsory process to insure attendance of witnesses; the
> cost of making the necessary proof; questions as to the
> enforceability of a judgment if one is obtained; relative
> advantages and obstacles to a fair trial; difficulties that may
> arise from congested dockets; the possibility of the existence
> of questions arising in the area of conflict of laws; the
> advantage of having a local court determine questions of
> local law; and, all other considerations of a practical nature
> that make a trial easy, expeditious and economical.

*Id*. at 1516 (quoting ***Texas Gulf Sulphur Co. v. Ritter***, 371 F.2d 145, 147 (10th Cir. 1967)). The movant bears the burden of establishing that the existing forum is inconvenient. *Id*. at 1515. This is a heavy burden, ***Texas Gulf Sulphur Co.***, 371 F.2d at 148, "'and unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed,'" ***Scheidt v. Klein***, 956 F.2d 963, 965 (10th Cir. 1992); *see also **Cargill Inc. v. Prudential Insurance Co. of America***, 920 F.Supp. 144, 146 (D. Colo. 1996).

### III. ANALYSIS

Defendant's motion is woefully inadequate to sustain its substantial burden of proving that the balance of inconvenience weighs in favor of transfer. Defendant relies heavily on the assertion that "Texas is more convenient for virtually every witness." (Def. Motion at 4.)[1] Although the location of key witnesses is often a determinative factor in the venue analysis, the movant must set forth the identity and proposed testimony of any such witnesses in order to allow the court to determine whether the witnesses' testimony is in fact material. *See **Texas Gulf Sulphur Co.***, 371 F.2d at 148.

---

[1] The underlying accident occurred in San Antonio, Texas, as an alleged result of the negligence of repair work done at a Pep Boys store in San Antonio.

2

The movant thus will not carry its burden simply by making conclusory assertions about the inconvenience of witnesses. *Id*. Defendant has not even attempted to substantiate its *ipse dixit* in this regard. Its vague, generalized averments are insufficient to sustain defendant's heavy burden of demonstrating that transfer is warranted under section 1404(a).[2] Nor does defendant explain, much less attempt to prove up, its just-so argument that a visit to the San Antonio shop where the allegedly negligent repairs were made will be necessary.

Defendant also points out that choice-of-law rules may require the application of Texas law in this case. Plaintiff does not disagree, but points out, correctly, that there is nothing particularly novel about the law of negligence in Texas. This court feels more than adequate to the task of deciphering the nuances of Texas negligence law and is confident that the parties also will not experience undue hardship in understanding and communicating its legal precepts in their filings.

Ultimately, a transfer in this case would do little more than shift the balance of inconvenience from defendant to plaintiff. Transfer is not appropriate under such circumstances. **See Metabolite Laboratories, Inc. v. AmerisourceBergen Corp.**, 2005 WL 2105035 at *4 (D. Colo. Aug. 30, 2005).

---

[2] In addition, defendant does not account for the distinct possibility that many of its witnesses are likely to be employees of the company, in which case concerns about the ability of the court to compel their attendance at trial are not implicated. **See Gardipee v. Petroleum Helicopters, Inc.**, 49 F.Supp.2d 925, 929 (E.D. Tex. 1999).

**THEREFORE, IT IS ORDERED** that defendant's **Motion To Transfer Venue** [#8], filed March 9, 2010, is **DENIED**.

Dated May 24, 2010, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge