IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  10-cv-00365-REB-KLM

RENE GARZA,

    Plaintiff,

v.

THE PEP BOYS – MANNY, MOE & JACK OF DELAWARE, INC.,

    Defendant.

_____

**ORDER GRANTING DESIGNATION OF NONPARTIES AT FAULT**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Defendant The Pep Boys – Manny, Moe & Jack of Delaware, Inc.'s Motion for Leave to Designate Responsible Third Parties** [Docket No. 28; Filed December 27, 2011] (the "Motion").  Plaintiff filed a Response in partial opposition to the Motion on January 18, 2011 [Docket No. 34], and Defendant filed a Reply on February 1, 2011 [Docket No. 40].  The Motion is fully briefed and ripe for resolution.

    This matter involves the alleged personal injuries sustained by Plaintiff in an automobile accident involving a vehicle that had been recently serviced by Defendant.  *See Scheduling Order* [#23] at 2.  Specifically, on February 29, 2008, Plaintiff was a passenger in a vehicle being driven by his brother, Ramon Garza, when one of the wheels dislodged while they were driving on the highway.  *Id.*  Plaintiff contends that he was injured from the accident and that his alleged injuries were caused by the negligence of Defendant.  *Id.*  The events at issue occurred in Texas, but Plaintiff is a Colorado resident.  The Court's jurisdiction is based upon diversity of the parties.  *See* 28 U.S.C. § 1332.

Pursuant to the Motion, Defendant seeks permission to designate three nonparties at fault. First, Defendant seeks to designate Ramos Auto Repair, whose mechanics had looked at the vehicle after it had been serviced by Defendant, and had "tightened or fixed up whatever they could." *Motion* [#28] at 3 (quoting Ramon Garza deposition). Second, Defendant seeks to designate Ramon Garza, who had suspected that there was a problem with the vehicle's tires, but had driven the vehicle anyway. *Id.* at 3-5. Third, Defendant seeks to designate an unknown third party ("John Doe party") who allegedly collided with the vehicle on the day of the accident. *Id.* at 5-6. The existence of the John Doe party is in dispute. Defendant discovered the potential fault of the John Doe party from a medical record produced by Plaintiff. Specifically, Plaintiff was seen by a doctor a year after the accident. The doctor's notes from the examination contained the notation: "As you know, [Plaintiff] presents with symptoms of his neck and left arm relating to a February 29, 2008 motor vehicle accident in which a car caught the left rear of their vehicle, causing their vehicle to go into a severe swerve." *Id.*

In response to the Motion, Plaintiff does not oppose designation of Ramos Auto Repair as a nonparty at fault, but reserves the right to move to strike the designation after he conducts discovery. *Response* [#34] at 2 n.1 & 4. However, Plaintiff opposes the designation of Ramon Garza because "he was not negligent as a matter of law." *Id.* at 4. Plaintiff also opposes the designation of the John Doe party. Specifically, Plaintiff disputes that a third party collided with the vehicle on the day of the accident, but he cannot account for why this information was contained in his doctor's notes. *Id.* at 2-3. In addition, Plaintiff contends that the designation of the John Doe party is not timely. *Id.* at 3.

IT IS HEREBY **ORDERED** that the Motion **GRANTED**. The Court's ruling is

explained below.

In a diversity action involving common law claims, the "federal court exercising its diversity jurisdiction . . . must apply the choice of law rules of the forum state." *AE, Inc. v. Goodyear Tire & Rubber Co.*, 168 P.3d 507, 508 (Colo. 2007). Here, because Colorado applies the "most significant relationship" test in determining which law applies to common law claims, *id.* (citing Restatement (Second) of Conflict of Laws §§ 145, 171 (1971)), the parties agree that Texas law applies to resolve issues of designation of nonparties at fault. *Motion* [#28] at 8-9; *Response* [#34] at 1. For purposes of resolving the Motion, the Court assumes that Texas law applies.

Pursuant to the Texas Proportionate Responsibility Statute, Tex. Civ. Prac. & Rem. Code Ann. § 33.004:

> (a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later time.
>
> . . . .
>
> (f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave . . . .
>
> (g) If an objection to the motion is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes (1) the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and (2) after having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

As a preliminary matter, the Court addresses whether Defendant's designation is

timely pursuant to § 33.004.  Generally, when the designation involves a nonparty alleged to have committed a negligent act, a motion to designate the nonparty is timely filed within sixty days of the trial date.  Tex. Civ. Prac. & Rem. Code Ann. § 33.004(a).  However, when the designation involves "an unknown person [who is alleged to have] committed a criminal act that was a cause of the loss or injury that is the subject of the lawsuit," the designation must occur "not later than sixty days after the filing of the defendant's original answer."  *Id.* § 33.004(j).

Here, the trial date is set for June 20, 2011 [Docket No. 21].  The parties agree that the designation of Ramos Auto Repair and Ramon Garza is timely because the Motion was filed more than sixty days prior to trial.  *See Reply* [#40] at 1-2.  However, as noted above, Plaintiff contends that the designation of the John Doe nonparty is untimely because it was not filed within sixty days of Defendant's answer, as required by § 33.004(j) when the designation involves a criminal act.  *Response* [#34] at 3.

The Court rejects Plaintiff's contention that § 33.004(j) applies to the designation of the John Doe party.  Section 33.004(j) applies only where the party being designated committed a criminal act that was the alleged "cause of the loss or injury."  *See also In re Unitec Elevator Servs. Co.*, 178 S.W.3d 53, 60-61 (Tex. App. 2005) (recognizing that § 33.004(j) only applies where the criminal act itself was the cause of the injury).  Although Plaintiff argues that the John Doe party could be found to have committed a criminal act by leaving the scene of the accident, see *Response* [#34] at 2-3, Plaintiff's alleged personal injuries were potentially caused by the collision with the John Doe party, not by any conduct that may have occurred thereafter.  Accordingly, the Court agrees with Defendant that the

designation of the John Doe party is timely pursuant § 33.004(a).[1]

Pursuant to § 33.004(g), regardless of an objection, the Court shall grant a timely motion to designate unless "the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure." The Texas Rules of Civil Procedure require that a pleading "contain a short statement of the cause of action sufficient to give fair notice of the claim involved." Tex. R. Civ. P. 47(a). Despite Plaintiff's contention that Ramon Garza is not negligent as a matter of law and that the evidence of the existence of the John Doe party is thin, neither contention convinces the Court that Defendant's designation is insufficient to give fair notice of either party's potential for liability. Plaintiff's objections speak to the quality of the evidence presented by Defendant, not to whether Defendant has provided sufficient information to allow Plaintiff to counter the allegations. *See Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 897 (Tex. 2000); *see also Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007) (requiring only that defendant provide sufficient information to enable plaintiff to ascertain the type of evidence that might be relevant to dispute the allegation). Reviewing the information provided by Defendant, the Court finds that Defendant has pled sufficient information to satisfy the notice requirements of § 33.004(g).

Specifically, as to the John Doe party, Defendant contends that the collision between the John Doe party and the vehicle in which Plaintiff was a passenger may have been the cause of Plaintiff's alleged injuries. This information came from discovery produced by

---

[1] Although the timeliness of Defendant's designation appears to be Plaintiff's only objection to the John Doe party, the Court also considers whether the designation, along with the designation of Ramon Garza, satisfies the pleading requirements of the Texas Rules of Civil Procedure.

Plaintiff. Clearly, this gives Plaintiff fair notice of the John Doe's alleged actions and his potential for liability. As to Ramon Garza, Defendant contends that Mr. Garza drove the vehicle while believing that the tires had not been properly installed. This information came from Mr. Garza's deposition testimony. Clearly, this gives Plaintiff fair notice of Mr. Garza's alleged actions and his potential for liability. Whether a jury will attribute such liability to the nonparties is not a matter before the Court on the present Motion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 33.004(i)(1); *In re Unitec*, 178 S.W.3d at 62. Accordingly,

IT IS FURTHER **ORDERED** that leave to designate Ramos Auto Repair, Ramon Garza and the John Doe party is **GRANTED**. Because § 33.004(l) provides that, after designation, a party should be permitted discovery to determine whether to move to strike the designation,

IT IS FURTHER **ORDERED** that the Court *sua sponte* extends the discovery deadline to **March 18, 2011**. Given that the trial date is set for June 20, 2011, no other case deadlines shall be extended.

Dated: February 7, 2011

BY THE COURT:

s/ Kristen L. Mix
United States Magistrate Judge
Kristen L. Mix